829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James COOK, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 87-1035
 United States Court of Appeals, Sixth Circuit.
 September 25, 1987.
 
 Before RALPH B. GUY and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 James Cook appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S. App. Sec. 1202, arguing that the trial court erred in denying his motion to suppress the firearm which was found during a warrantless search of his car incident to his arrest. He contends that the police did not have probable cause for the arrest. We agree with the district court that the police did have probable cause to arrest Cook so that the denial of the motion to suppress was proper. Accordingly, Cook's conviction is affirmed.
 
 
 2
 Approximately one month before the arrest, Special Agent Gates of the Bureau of Alcohol, Tobacco and Firearms received a tip from a reliable informant that Cook was involved in a conspiracy to engineer an escape from Southern Michigan State Prison in Jackson. Cook's part was to smuggle in a quantity of weapons which were being sent from Texas. Gates was told that Cook and his sister would travel from Pontiac to a house in Ottawa County to pick up a box of guns. On April 23, 1986, Gates was informed by the owner of the house that the Cooks would be arriving at the house at 8:30 p.m. No box of guns had been delivered, so Gates left a box of typing paper at the designated location. Cook arrived at 8:30, picked up the box, drove away, and was then arrested. The subsequent search revealed a firearm in the back seat of his car.
 
 
 3
 Cook's argument that Gates did not have probable cause for his arrest is not persuasive. Gates received his information that Cook was involved in the prison break conspiracy from a reliable informant. He testified that he had received accurate and reliable information from that source on numerous occasions over a fifteen year period. Furthermore, that information was corroborated by Cook's actions in travelling to the house and picking up the box.
 
 
 4
 It is true that the box did not actually contain guns, but that was not necessary for Gates to have probable cause to believe that Cook was involved in the conspiracy. Gates had been informed that Cook was a party to the conspiracy and Cook's actions corroborated the information received. Gates had probable cause to believe that Cook's travel to Ottawa County was an overt act in furtherance of the conspiracy. The arrest was therefore legal, as was the search of Cook's car incident to the arrest. Cook's motion to suppress was properly denied.
 
 
 5
 The district court's order of conviction is AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation